IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GREGORY A. MCELROY,
ADC #092758                                                                                          PLAINTIFF

V.                                       2:12-cv-00198-DPM-JTK

T. CODY, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff, a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging he was improperly charged and convicted of a disciplinary, which resulted in a punishment of thirty days in punitive isolation with reduced privileges, a reduction of class and a loss of good time. Plaintiff asks for expungement of his disciplinary conviction, transfer to another prison, release from administrative segregation, and damages.

### II. Screening

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992).

**III.  Analysis**

Plaintiff alleges officers conducted a search of his cell on June 10, 2011, and Defendant Cody served him with a disciplinary charge of possession of a cell phone on June 15, 2011, based on a confiscation form falsified by a non-party officer (Doc. No. 2, p. 5). Defendant Ester conducted Plaintiff's disciplinary hearing on June 20, 2011, but failed to review his requested evidence or to allow testimony from his requested witnesses. (Id. at p. 6.). Plaintiff was found guilty and sentenced to punitive isolation, reduced in class, and lost good time, and Defendants Burl, Naylor and Hobbs subsequently denied his appeals. (Id.) Plaintiff alleges Defendants denied him due process in the hearing, and asks for damages, restoration of lost good time, and injunctive relief.

Plaintiff can pursue his claim for damages based on an alleged due process violation only if he has a liberty interest at stake. See Sandin v. Conner, 515 U.S. 472, 484-85 (1995). However, an inmate does not have a liberty interest in maintaining a particular classification level, or from being placed in punitive isolation for a relatively short time. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Sandin, 515 U.S. at 482-86. In addition, although an inmate may have a liberty interest

in a prison sentence shortened by the loss of good time credits, a § 1983 action is not the proper method to pursue. Rather, Plaintiff should first file a habeas corpus petition. See Muhammad v. Close, 540 U.S. 749, 750-1 (2004). In Heck v. Humphrey, 512 U.S. 477, 489 (1994), the United States Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. This was extended to prison disciplinary proceedings in Edwards v. Balisok, where the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. 520 U.S. 641 (1997). The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessary to imply the invalidity of" those proceedings. Id. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. Id. at 648. Finally, in Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996), the Court held that "[i]f success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas court...."[1]

---

[1] The present case is similar to Guinn v. Freeman, No. 5:12cv00175-JLH-JTR, 2012 WL 2045965 (E.D. Ark), where the Court held that an inmate's due process challenge to his disciplinary conviction in a section 1983 action should be dismissed without prejudice, pending a challenge of the conviction in state court and then a federal habeas action.

The Court also notes that the Supreme Court of Arkansas has found no liberty interest in the accumulation or loss of good time credits under Arkansas law, because such does not ultimately affect the length of a sentence. McKinnon v. Norris, 366 Ark. 404, 231 S.W.3d 725, 729-30 (2006); Koontz v. Norris, No. 08-75, 2008 WL 2310973 (Ark. 2008). Although the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit found that inmates in Nebraska have a liberty interest in the loss of good time credits under a statutory scheme similar to Arkansas',[2] the Arkansas good time statute differs from the Nebraska statute because it provides that "good time will not be applied to reduce the length of a sentence,." Compare NEB.REV.STAT. § 83-1,107 with ARK. CODE ANN. § 12-24-201(d). See also Koontz v. Hobbs, 5:09cv00274-JLH-BD, 2010 WL 2609550 (E.D.Ark).

In this particular case, Plaintiff alleges Defendants failed to follow ADC policies and regulations when they submitted a confiscation form without his signature,[3] and violated due process by failing to review his documentary evidence and call his requested witnesses. Plaintiff was sentenced to punitive isolation, reduced in class, and lost good time. In addition, he alleges Defendants Burl, Naylor and Hobbs violated his rights by failing to overturn his conviction. Therefore, Plaintiff is alleging Defendants reached the wrong result, in an action which resulted in loss of his good time credits, and the Court finds that Plaintiff's claims should be dismissed until his sentence is reversed, expunged, or called into question by a state tribunal or federal court. This

---

[2] Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); Louis v. Department of Correctional Services of Nebraska, 437 F.3d 697, 700 (8th Cir. 2006).

[3] Failure to follow a state policy or regulation does not state a constitutional claim. Williams v. Nix, 1 F.3d 712, 717(8th Cir. 1993).

applies both to his requests for damages and injunctive relief.

In addition, the Court finds no due process violation to the extent that Plaintiff complains about his placement in punitive isolation for thirty days with limited privileges. In <u>Sandin</u>, the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. Following <u>Sandin</u>, the Eighth Circuit Court of Appeals held in <u>Kennedy v. Blankenship</u>, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" In <u>Kennedy</u>, the plaintiff's placement in punitive isolation was not considered atypical and significant event though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions. Furthermore, in <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003), the Court stated, "We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." In <u>Phillips</u>, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship.

Therefore, Plaintiff's allegations in this case that he was "deprived of most of his personal property, unable to make commissary purchases, unable to watch television, unable to listen to his radio," together with the loss of good time and "limited liberty," (Doc. No. 2, p. 6), do not support a constitutional claim for relief.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against Defendants be DISMISSED without prejudice. [4]

IT IS SO ORDERED this 17th day of October, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."   See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal without prejudice of an action seeking habeas and section 1983 relief constitutes a strike.