IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GREGORY A. McELROY                                                    PLAINTIFF
ADC # 92758

v.                         No. 2:12-cv-198-DPM-JTK

T. CODY, Sergeant, East Arkansas
Regional Unit, ADC; L. ESTER, Disciplinary
Hearing Officer, East Arkansas Regional
Unit, ADC; DANNY BURL, Warden, East Arkansas
Regional Unit, ADC; RAYMOND NAYLOR,
Disciplinary Hearing Administrator, ADC; and
RAY HOBBS, Director, ADC                                              DEFENDANTS

ORDER

Magistrate Judge Jerome T. Kearney has recommended dismissing the complaint as *Heck*-barred. *Document No. 3*. McElroy objected and filed a proposed amended complaint clarifying some things and elaborating his claims. On *de novo* review, FED. R. CIV. P. 72(b)(3), the Court adopts the recommendation as supplemented. Judge Kearney's analysis was correct on the case as it stood at that point. In light of the proposed amended complaint, *Document No. 6*, McElroy's claims still fail as a matter of law because he has clarified that the denied evidence (security logs, video, and witnesses) relates only to whether he had been provided a confiscation form for the prohibited

cell phone. *Document No. 6, at 4* ¶¶ *23 & 25.* McElroy had no constitutional right to be provided that form; and he has not stated a due-process claim. Motion to amend, *Document No. 6*, denied as futile. The complaint is therefore dismissed without prejudice.

This dismissal, as Judge Kearney recommended, is a PLRA strike. While the Court of Appeals for the Eighth Circuit has not spoken on whether a *Heck* dismissal counts as a strike, every circuit that has addressed the issue has so concluded. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir.1996); *Smith v. Veterans Administration*, 636 F.3d 1306, 1312 (10th Cir. 2011); *In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011).

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 February 2013